Darryl A. PHELPS, Plaintiff–
Appellant,

v.

N. KAPNOLAS, sued in individual capacity, R. McClellan, Supt., Delany Steward, sued in individual capacity, John Doe 1–2, Cleveland, Sgt., sued in individual capacity, McGuinness, C.O. sued in individual capacity, Defendants–Appellees,

C. Hable, Correctional Officer, John Doe Nos. 1–10, sued in individual capacity, Defendants.

Docket No. 01–0015.

United States Court of Appeals,
Second Circuit.

Argued: June 18, 2002.

Decided: Oct. 17, 2002.

Michael S. Chernis, Schulte Roth & Zabel LLP (Daniel J. Kramer, Chaviva

Schoffman, and James J. O'Brien, Schulte Roth & Zabel, on the brief), New York, NY, for Appellant.

Edward J. Lindner, Assistant Solicitor General,(Eliot Spitzer, Attorney General of the State of New York, Daniel Smirlock, Deputy Solicitor General, Marcus J. Mastracco, Assistant Solicitor General, on the brief), Albany, NY, for Appellees.

Before: WINTER, F.I. PARKER, and POOLER, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Darryl A. Phelps appeals from the December 6, 2000 Decision and Order of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*), dismissing Phelps's complaint for failure to state a claim. Phelps, a New York state prisoner, brought this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated the Eighth Amendment's prohibition against inflicting cruel and unusual punishment by placing him on a restricted diet for fourteen days and thereby causing him to lose 30 pounds, suffer severe abdominal pains, and experience severe emotional distress that exacerbated his mental illness.

Because the district court improperly applied a more stringent pleading standard to Phelps's complaint than that set out in Federal Rule of Civil Procedure 8(a)(2), we reverse its decision dismissing the case for failure to state a claim and remand with instructions to commence discovery.

## I. BACKGROUND

The following allegations are taken from Phelps's November 19, 1997 Amended Complaint.

Phelps, who at all relevant times was incarcerated at Southport Correctional Facility in Pine City, New York, complained on July 1, 1994 to Defendant N. Kapnolas that he believed Kapnolas had improperly searched his cell. Following his complaint to Kapnolas, Phelps went to the prison yard for about an hour, and, upon returning to his cell, he found that his things "had been ransacked and his legal papers and photographs had been damaged or destroyed." Am. Compl. ¶ 8. According to Phelps, Kapnolas then wrongly charged him with throwing a styrofoam bowl of cereal and placed him in solitary confinement.

For the first seven days Phelps was in solitary confinement, the Defendants provided him with a diet consisting "solely of raw cabbage and a bread-like loaf that appeared to contain ground vegetables" (the "restricted diet"). Am. Compl. ¶ 10. Phelps then received a disciplinary hearing, where he was found guilty of misconduct for throwing the cereal bowl and sentenced to sixty days in solitary confinement *and seven additional days on the restricted diet.*

According to Phelps, the restricted diet "did not contain sufficient calories, vitamins, or nutrients to maintain [his] physical or mental health." Am. Compl. ¶ 14. He claims that as a result of being placed on the diet for two weeks, he "lost over thirty pounds, suffered severe abdominal pain, and suffered severe emotional distress, which caused or exacerbated mental illness from which [he] continues to suffer today." Am. Compl. ¶ 15. Contending that the Defendants "knew or recklessly disregarded that the [r]estricted [d]iet served to [him] was nutritionally inadequate" and that the Defendants knew or should have known that placing him on the diet was "likely to inflict pain and suffering and extreme emotional distress," Phelps sued Defendants for violating his Eighth and Fourteenth Amendment rights. Am. Compl. ¶¶ 18-19.

Phelps's original complaint was filed pro se in July 1994 alleging various constitutional violations arising from the search of his cell, the disciplinary hearing, and the restricted diet. The district court dismissed the case on the grounds that Phelps failed to plead the essential elements of a § 1983 action and failed to state claims based on deprivation of due process at the disciplinary hearing or unreasonable search and seizure of the things in his prison cell.

By opinion dated August 19, 1997, this Court affirmed in part, vacated in part, and remanded with instructions. *Phelps v. Kapnolas,* 123 F.3d 91 (2d Cir.1997). Although we affirmed dismissal of all of Phelps's other claims, we found that the district court had failed to address Phelps's allegation that imposition of the restricted diet was unconstitutional. We further held that it was impossible to say that there were no facts under which the imposition of a seven-day bread diet might constitute cruel and unusual punishment. 123 F.3d at 93. Vacating dismissal of Phelps's complaint with respect to this issue, we remanded for the court to consider whether the imposition of the restricted diet deprived Phelps of his Eighth Amendment rights.

Phelps filed an Amended Complaint on November 19, 1997, and Defendants moved on December 12, 1997 to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).[1] Defendants T. Cleveland, M. McGuinness, J. Delaney,[2] and R. McClellan filed an Answer on February 20, 1998.[3]

Magistrate Judge Leslie G. Foschio issued a Report and Recommendation on December 8, 1998, concluding that the Amended Complaint should be dismissed. The Magistrate Judge first rejected Kapnolas's argument in support of his motion to dismiss that Phelps never asserted that Kapnolas was personally involved in violating Phelps's rights. According to the Magistrate Judge, the Amended Complaint sufficiently alleged Kapnolas's personal involvement in imposing the first seven days of the restricted diet immediately after Phelps threw the cereal bowl at him and before Phelps received a disciplinary hearing. JA 65.[4]

The Magistrate Judge did, however, recommend dismissing the complaint sua

---

1.  It is unclear whether all of the Defendants moved to dismiss or only Kapnolas. The Notice of Motion, dated December 10, 1997, was written in the plural, while the accompanying Attorney Affirmation pertained to Kapnolas. In subsequent Memoranda of Law in support of the motion, the only issue briefed was whether the complaint adequately alleged Kapnolas's personal involvement in the claimed constitutional violation. *See* Joint Appendix ("JA") at 58. While Magistrate Judge Leslie G. Foschio's Report and Recommendation treated the motion to dismiss as pertaining solely to Kapnolas, JA at 58, it appears that the district court construed the motion as made on behalf of all Defendants.

2.  J. Delaney was not named in the Amended Complaint. The Magistrate Judge assumed that J. Delaney was either one of the John Doe defendants or incorrectly identified as Delaney Steward in the Amended Complaint. JA at 52.

3.  Although C. Hable was named in the original complaint and continues to appear in the caption of this case, he was not named in the Amended Complaint.

4.  The Report and Recommendation appears somewhat confusing on this point. First it states that "the Amended Complaint fails to allege Kapnolas's personal involvement in the restricted diet claims." JA at 62. However, several pages later it reaches the ultimate conclusion that, "although not alleged with greater clarity, a careful reading of the Amended Complaint demonstrates sufficient personal involvement by Kapnolas in the imposition of the restricted diet such that Defendants' motion to dismiss cannot be granted on that ground." JA at 65.

sponte as to all Defendants for failing to state a claim upon which relief could be granted. He concluded that Phelps had "failed to allege that any Defendant, including Kapnolas, acted with the requisite scienter, *i.e.*, deliberate indifference, that their actions exposed Phelps to a substantial risk of serious harm, a necessary element to a finding of liability on § 1983 claim predicated on the Eighth Amendment." JA at 66. He reasoned that "there [was] no allegation that any defendant, through the imposition of the restricted diet for fourteen days, acting with deliberate indifference, placed Phelps at substantial risk of serious harm or that Phelps's weight loss or abdominal pains constituted serious harm arising to the level of an Eighth Amendment violation." JA 66–67.

By a Decision and Order dated December 6, 2000, the district court accepted the Magistrate Judge's Report and Recommendation in part. The district court first stated (confusingly, in light of the Report and Recommendation's ultimate conclusion on the issue) that the court agreed with the Magistrate Judge that Phelps "did not sufficiently plead personal involvement by Kapnolas in order to state a claim under 42 U.S.Code § 1983." JA at 101.

The district court, however, went on to address Phelps's objections to the Magistrate Judge's finding that his Amended Complaint failed to state an Eighth Amendment claim against any of the Defendants because he insufficiently alleged the requisite scienter. The district court explained that under the "deliberate indifference" standard defined in *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), one of Phelps's burdens in proving an Eighth Amendment violation was to demonstrate that the Defendants knew of and disregarded an excessive risk to his health or safety. Phelps

contended that he had indeed alleged deliberate indifference, pointing to paragraphs 17, 18, and 19 of his Amended Complaint, which asserted in relevant part that "Defendants knew or recklessly disregarded that the [r]estricted [d]iet served to Plaintiff was nutritionally inadequate" and that they knew their actions "were likely to inflict pain and suffering and extreme emotional distress upon Plaintiff." JA at 38–39. The district court disagreed, concluding:

> The paragraphs in his amended complaint, 17, 18 and 19, upon which the Plaintiff relies to show *scienter*, contain merely conclusory allegations. They do not allege facts from which the Court could infer that the Defendants' [sic] knew of and disregarded an excessive risk to the Plaintiff's health or safety.

JA at 102. Based on this finding, the district court dismissed the Amended Complaint without prejudice.

This Court has jurisdiction over Phelps's appeal pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

We review de novo a district court's dismissal of a complaint for failure to state a claim. *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir.1998). Such dismissal is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In deciding whether a complaint states a claim, a "court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.1994). The fundamental issue at the dismissal stage "is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the

claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Chance* 143 F.3d at 701 (quoting *Branham v. Meachum,* 77 F.3d 626, 628 (2d Cir.1996); further citation and internal quotation marks omitted).

Despite the pressures to weed out apparently meritless cases at the earliest point, courts must take care lest "judicial haste [in dismissing a complaint] in the long run makes waste." *Dioguardi v. Durning,* 139 F.2d 774, 775 (2d Cir.1944). "Untimely dismissal may prove wasteful of the court's limited resources rather than expeditious, for it often leads to a shuttling of the lawsuit between the district and appellate courts." *Lewis v. New York,* 547 F.2d 4, 6 (2d Cir.1976).

■ In the instant case, Phelps's Amended Complaint alleged a claim under the Eighth Amendment, which applies to the States through the Fourteenth Amendment, *Robinson v. California,* 370 U.S. 660, 666, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), and enjoins them from inflicting "cruel and unusual punishments." U.S. Const. amend. VIII. Forbidden punishments include those that "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (joint opinion)). The infliction of pain is unnecessary and wanton, for instance, when it is " 'totally without penological justification.' " *Hope v. Pelzer,* —— U.S. ——, 122 S.Ct. 2508, 2514, 153 L.Ed.2d 666 (2002) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).

■ The conditions of a prisoner's confinement can give rise to an Eighth Amendment violation. *Farmer,* 511 U.S. at 828, 114 S.Ct. 1970 (citing *Helling v.*

*McKinney,* 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In such cases, a prisoner may prevail only where he proves both an objective element—that the prison officials' transgression was "sufficiently serious"—and a subjective element—that the officials acted, or omitted to act, with a "sufficiently culpable state of mind," *i.e.,* with "deliberate indifference to inmate health or safety." *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970 (citations and internal quotation marks omitted).

■ Regarding the "objective" requirement, the Supreme Court has explained that while the Constitution "does not mandate comfortable prisons," *Rhodes,* 452 U.S. at 349, 101 S.Ct. 2392, prisoners may not be denied "the minimal civilized measure of life's necessities." *Id.* at 347, 101 S.Ct. 2392. Under the Eighth Amendment, States must not deprive prisoners of their "basic human needs—*e.g.,* food, clothing, shelter, medical care, and reasonable safety." *Helling,* 509 U.S. at 32, 113 S.Ct. 2475 (citation and internal quotation marks omitted). Nor may prison officials expose prisoners to conditions that "pose an unreasonable risk of serious damage to [their] future health." *Id.* at 35, 113 S.Ct. 2475. Ultimately, to establish the objective element of an Eight Amendment claim, a prisoner must prove that the conditions of his confinement violate contemporary standards of decency. *Id.* at 35–36, 113 S.Ct. 2475; *Rhodes,* 452 U.S. at 347, 101 S.Ct. 2392.

■ Concerning the "subjective" requirement, the Supreme Court has explained that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of

and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. This "deliberate indifference" element is equivalent to the familiar standard of "recklessness" as used in criminal law. *Id.* at 839–40, 114 S.Ct. 1970. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, … and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842, 114 S.Ct. 1970.

■ With these requirements in mind, we are satisfied that Phelps's Amended Complaint states an Eighth Amendment claim. As suggested by our prior opinion, the alleged treatment-that prison officials deprived Phelps of a nutritionally adequate diet for fourteen straight days-is not as a matter of law insufficiently serious to meet the objective requirement. 123 F.3d at 93.[5] By alleging that prison officials knew that the diet was inadequate and likely to inflict pain and suffering, Phelps has also sufficiently pleaded the subjective element.

■ The district court erred by holding that on the subjective element of his Eighth Amendment claim Phelps was required to plead other facts in addition to and in support of his allegation of the Defendants' knowledge. This requirement amounted to a heightened pleading standard and is unwarranted under FRCP 8(a)(2). *See also,* FRCP 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally.").

■ As the Supreme Court has recently had occasion to remind us, a complaint adequately states a claim when it contains " 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002) (quoting FRCP 8(a)(2)); *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim," *Swierkiewicz*, 122 S.Ct. at 999, and which "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.* at 998. Thus, a complaint is sufficient if it gives " 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Id.* (quoting *Conley*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

■ However unlikely it may appear to a court from a plaintiff's complaint that he will ultimately be able to prove an alleged fact such as mental state, the court may not go beyond FRCP 8(a)(2) to require the plaintiff to supplement his plead-

---

5. *See also Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983)(per curiam) (the Eighth Amendment requires prisoners to be provided with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it"); *cf. Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (remarking that conditions of confinement that included a 1000–calorie–per–day diet of "grue," "a substance created by mashing meat, potatoes, oleo, syrup, vegetables, eggs, and seasoning into a paste and baking the mixture in a pan," *id.* at 683, 98 S.Ct. 2565, "might be tolerable for a few days and intolerably cruel for weeks or months," *id.* at 686–87, 98 S.Ct. 2565).

ings with additional facts that support his allegation of knowledge either directly or by inference.[6] Whether the plaintiff can produce evidence to create a genuine issue with regard to his allegation is to be resolved through a motion for summary judgment. Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation of deliberate indifference fails as a matter of law. *See, e.g., Gamble,* 429 U.S. at 108 n. 16, 97 S.Ct. 285 (concluding that a prisoner's complaint failed to allege prison doctors' deliberate indifference toward his medical needs where the complaint described in detail the extensive medical treatment the prisoner received).

It was improper to dismiss Phelps's Amended Complaint for failing to supplement Phelps's basic allegations with additional facts to support them by inference, for it does not appear from the face of the complaint beyond doubt that Phelps "can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. Consistent with his Amended Complaint, Phelps

might prove that the restricted diet was nutritionally inadequate and that placing him on such a diet for fourteen days was likely to cause serious harm, wantonly inflicting pain and suffering without penological justification and violating contemporary standards of decency. *Helling,* 509 U.S. at 35–37, 113 S.Ct. 2475. He might prove that the Defendants knew of the substantial risk of harm from the very fact that the risk was obvious. *Farmer,* 511 U.S. at 842, 114 S.Ct. 1970; *Hope,* 122 S.Ct. at 2514. It's also possible that through discovery Phelps might uncover direct evidence of Defendants' knowledge. *Cf. Swierkiewicz,* 122 S.Ct. at 997.

## III. CONCLUSION

We reverse the district court's dismissal with regard to all Defendants. Phelps's Amended Complaint states an Eighth Amendment claim and, as the Magistrate Judge's Report and Recommendation found, adequately pleads Kapnolas's personal involvement in the imposition of the restricted diet.

---

**6.** Defendants contend that our decisions in *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987) and *Dawes v. Walker,* 239 F.3d 489 (2001) created just this sort of heightened pleading standard for a § 1983 claim based on the violation of Eighth Amendment rights. Appellees' Br. at 14–15.

In *Alfaro* we concluded that a complaint could be dismissed when it constituted nothing more than a general and conclusory allegation that defendants denied plaintiffs a "prompt hearing as required by the fourteenth amendment" and nothing in the complaint suggested that the plaintiffs had any right to such a hearing. 814 F.2d at 886. *Dawes*'s only statement with respect to pleading the subjective element of an Eighth Amendment claim was that a plaintiff must advance a factual allegation sufficient to support it. 239 F.3d at 494. (Other portions of that opinion do suggest a plaintiff may be required to "produce evidence" at the plead-

ing stage to support certain allegations. *See, e.g., id.* at 493).

Phelps's Amended Complaint is not "general and conclusory," for it is obvious that he has a right to be free from inhumane conditions of imprisonment, and he has stated who allegedly violated that right, when, by what means, and how the violation harmed him. Nor has Phelps failed to advance a factual allegation sufficiently supporting the subjective element of his claim: a plaintiff's allegation of knowledge is itself a particularized factual allegation, which he will have the opportunity to demonstrate at the appropriate time "in the usual ways." *Farmer,* 511 U.S. at 842, 114 S.Ct. 1970.

To the extent *Dawes* did create a heightened pleading standard beyond FRCP 8(a)(2), that case is inconsistent with, and thus overruled by, *Swierkiewicz,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

On remand the district court is instructed to permit discovery to proceed.