**Joel O'KEEFE, Plaintiff–Appellant,**

v.

**Glenn S. GOORD, Commissioner of N.Y.S. D.O.C.S.; Howard Dean, Director of Nutritional Services, Defendants–Appellees.**

No. 03–0091.

United States Court of Appeals, Second Circuit.

Oct. 2, 2003.

Joel O'Keefe, Wende Correctional Facility, Alden, New York, for Appellant, pro se.

PRESENT: FEINBERG, SACK, Circuit Judges, and WEXLER, District Judge.*

## SUMMARY ORDER

Petitioner-appellant, Joel O'Keefe, *pro se*, appeals from the judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge* ) *sua sponte* dismissing his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. O'Keefe brought suit against Glenn S. Goord, Commissioner of the New York State Department of Correctional Services ("DOCS"), and Howard Dean, Director of Nutritional Services for DOCS, alleging violations of the Fifth, Eighth, and Fourteenth Amendments because DOCS allegedly provided him with a nutritionally deficient diet. The district court dismissed O'Keefe's action because O'Keefe's claims were predicated on baseless legal theories.

We review *sua sponte* dismissals ordered pursuant to §§ 1915(e) or 1915A *de novo, see Neal v. Goord,* 267 F.3d 116, 119 (2d Cir.2001), mindful that *"[s]ua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device which is warranted only when the complaint lacks an arguable basis either in law or in fact," *Benitez v. Wolff,* 907 F.2d 1293, 1295 (2d Cir.1990) (per curiam) (internal quotation marks and citations omitted).

We conclude that O'Keefe's complaint was properly dismissed. O'Keefe's claims are properly construed as an Eighth Amendment claim. "Under the Eighth Amendment, States must not deprive pris-

---

* Of the United States District Court for the Eastern District of New York, sitting by designation.

**44**

oners of their 'basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety.'" *Phelps v. Kapnolas,* 308 F.3d 180, 185 (2d Cir.2002) (quoting *Helling v. McKinney,* 509 U.S. 25, 32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). In the context of prisoner nutrition, the Eighth Amendment requires that prisoners be provided with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Robles v. Coughlin,* 725 F.2d 12, 14 (2d Cir.1983) (per curiam) (internal quotation marks omitted).

Although O'Keefe alleged that his diet was nutritionally inadequate, he failed to allege that his health was in immediate danger based on the diet provided to him. While O'Keefe asserts the diet he advocates will reduce the risk of "chronic maladies," such speculation is insufficient to state a claim because the complaint lacked any allegation of immediate danger or harm.

Moreover, a prison official cannot be found liable for such an Eighth Amendment violation "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Phelps,* 308 F.3d at 185–86 (internal quotation marks omitted) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Because O'Keefe did not allege any knowledge on the part of Goord or Dean that the diet O'Keefe was provided was inadequate or likely to inflict pain and suffering, the district court properly found that O'Keefe did not state an Eighth Amendment claim.

O'Keefe raises several additional arguments on appeal which we have considered and find to be without merit.

For the foregoing reasons, the order of the district court is hereby AFFIRMED.