**Hellen I. PERRY, Plaintiff–Appellant,**

v.

**The STATE INSURANCE FUND, Defendant–Appellee.**

No. 03–7204.

United States Court of Appeals, Second Circuit.

Dec. 3, 2003.

Appeal from the United States District Court for the Eastern District of New York (Hurley, J.).

Hellen I. Perry, Freeport, NY, for Plaintiff–Appellant, pro se.

Daniel J. Chepaitis, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York (Marion R. Buchbinder, Senior Assistant Solicitor General, on the brief), for Defendant–Appellee.

Present: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED in part and VACATED and REMANDED in part.**

In May 2001, plaintiff-appellant Hellen Perry filed a claim against her employer, the New York State Insurance Fund (the Fund), in district court for the Eastern District of New York, asserting claims pursuant to Titles I and II of the Ameri-

cans with Disabilities Act of 1990(ADA), 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* She alleged, in her initial and various amended complaints, that defendant intentionally discriminated against her on the basis of her disability, race, and sex by, *inter alia,* failing to provide a reasonable accommodation of lighter physical work. In the appeal before us, Perry challenges the district court's dismissal, with prejudice, of her fourth amended complaint for failure to state a claim. For the reasons that follow, we affirm in part, and vacate and remand in part.

This case has had a long stint at the pleadings stage. The district court (Hurley, J.) *sua sponte* dismissed Perry's original complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. In the dismissal order, the court directed Perry to file an amended complaint including more details in support of her claims. *See Gomez v. USAA Federal Sav. Bank,* 171 F.3d 794, 796 (2d Cir.1999).

In July 2001, she filed her first amended complaint, which more specifically described her injury, the nature of her position, her requests to the Fund for accommodation, and her superiors' refusals of accommodation. The district court dismissed this complaint without prejudice for failure to comply with Fed.R.Civ.P. 8(e)(1) and 10(b). However, the court stated: "[A]s a matter of substance, the Court concludes that Plaintiff has met the liberal pleading standard at least as to her ADA claim for failure to accommodate, as well as her Title VII claim." Perry's second amended complaint, which presented her claims in a numbered, outline format, and in much sparser detail than her previous complaint, was dismissed for lack of signature. And her third amended complaint, identical to the second but with accompa-

nying signature, was dismissed pursuant to § 1915(e)(2)(B)(ii) for lack of factual detail. In its dismissal order, however, the court noted: "Because the Court has already concluded ... that the facts described by Plaintiff in her Complaint and Amended Complaint would enable her to draft a minimally sufficiently pleading ... Plaintiff will be granted one more opportunity to amend her pleading."

In January 2002, Perry filed a fourth amended complaint, which included further factual background concerning her ADA claim, but provided only minimal details to support her Title VII claims. The Fund filed a motion to dismiss this complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(1) & (b)(6). The district court granted that motion, dismissing this complaint with prejudice in January 2003. Perry's Title I claim failed, the court found, because sovereign immunity barred suits brought under Title I of the ADA against state agencies such as the Fund. With respect to her Title II claim, the court concluded that she had not alleged "discriminatory animus or ill will based on the plaintiff's disability," as required to support such a claim. See Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 111 (2d Cir.2001). And her race and sex discrimination claims were dismissed because her allegations lacked sufficient factual detail to provide the defendant with fair notice. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Finally, the court found that even if the complaint were construed liberally to include a § 1983 claim, such a claim would not be cognizable because a "state agency" is not a "person" for § 1983 purposes. ■ We agree with the district court that the Fund is a "state agency" entitled to sovereign immunity, see Lipofsky v. Steingut, 86 F.3d 15, 16 (2d Cir.1996) (per curiam), and therefore that Perry's claims asserted under Title I of the ADA cannot proceed. See Garcia, 280 F.3d at 105 (Congress did not abrogate state sovereign immunity in enacting Title I of the ADA) (citing Bd. of Tr. of Ala. v. Garrett, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001)). The district court was also correct in its determination that the Fund is not a "person" within the meaning of § 1983, Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (a state agency is not a "person" under § 1983), and that Perry consequently is foreclosed from asserting § 1983 claims in the present lawsuit. And with respect to Perry's sex discrimination claim, we find, as the district court did, that her complaint lacks sufficient factual detail to meet even a liberal pleading standard. Based on the foregoing, we affirm the district court's dismissal of plaintiff's Title I disability claim, Title VII sex discrimination claim, and § 1983 claim. Her Title II disability claim and her Title VII race discrimination claim are other matters, however.

■ First, her Title II claim. In two separate dismissal orders, the district court informed Perry that her amended complaints substantively stated an ADA claim. The first mention—during her extended, good-faith effort to assert cognizable claims in the appropriate fashion—of a Title II "discriminatory animus or ill will" requirement came after she had filed her fourth amended complaint. And at that time, rather than granting leave to amend to make such an allegation, the district court dismissed her Title II claim with prejudice. Given the specific circumstances surrounding the pleadings in this case, and that the plaintiff is proceeding pro se, see Branum v. Clark, 927 F.2d 698, 705 (2d Cir.1991), we vacate and remand

Perry's Title II claim so that she may be given an opportunity to amend her complaint to allege discriminatory animus or ill will. *See* Fed.R.Civ.P. 15(a) ("[L]eave shall be freely given when justice so requires.").[1]

Second, we cannot agree with the district court's conclusion that Perry's fourth amended complaint fails to give the defendant fair notice of the basic elements of Perry's Title VII race discrimination claim. Her complaint states in relevant part: "I was discriminated against because of my race/color: A. I and other blacks were treated different, compared to the way whites were treated when they needed accommodations or anything else." This together with her allegation that she was denied "lite duty position[s]" gives adequate notice of her claim "and the grounds upon which it rests," *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks omitted): namely, that whites similarly situated to her were accommodated with light duty positions, while she and other black employees were not, on the basis of race. *See also Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir.2002) (requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief") (internal quotation marks omitted). Because we find that plaintiff's race discrimination claim meets the liberal pleading requirements set forth in *Swierkiewicz*, we vacate and remand this claim.

After considering all of plaintiff's claims, we AFFIRM in part and VACATE and REMAND in part for further proceedings consistent with this order.

---

1. There remain questions regarding (1) whether Title II ADA violations can be based on employment discrimination, *compare Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1173 (9th Cir.1999), *with Bledsoe v. Palm Beach County Soil & Water Conserv. Dist.*, 133 F.3d 816, 820 (11th Cir.1998), and (2) how detailed a plaintiff's allegation of animus needs to be to satisfy *Garcia* in light of *Swierkiewicz*. We need not, however, reach these questions at this time.