Emilio **GUILBERT**, Plaintiff–Appellant,

v.

Corrections Officer James **SENNET**; Sergeant D. Borawski, Defendants–Appellees,

Deputy Superintendent of Security Randy James; Superintendent James Conway; Commissioner's Hearing Officer James Kennedy, Defendants.

No. 05–6594–pr.

United States Court of Appeals, Second Circuit.

June 6, 2007.

824

Emilio Guilbert, Attica, NY, Pro Se Plaintiff–Appellant.

Martin A. Hotvet, Assistant Solicitor General (Nancy A. Spiegel, Senior Assistant Solicitor General), for Eliot Spitzer, Attorney General, NY, as Amicus Curiae for Defendants–Appellees.*

PRESENT: Hon. B.D. PARKER, Hon. RALPH K. WINTER, Circuit Judges, Hon. LOUIS F. OBERDORFER,** District Judge.

---

* Because the district court dismissed the complaint *sua sponte*, the defendants have appeared in this Court only through the submission of a brief as *amicus curiae. See* Defendants' Letter Brief.

** The Honorable Louis F. Orberdorfer, Senior District Judge, United States District Court for the District of Columbia, sitting by designation.

## SUMMARY ORDER

Plaintiff–Appellant Emilio Guilbert appeals from a judgment entered by the United States District Court for the Western District of New York (Elfvin, *J.*) dismissing, *sua sponte*, his *pro se* amended complaint brought pursuant to 42 U.S.C. § 1983 alleging that Corrections Officer James Sennet, Deputy Superintendent of Security Randy James, Superintendent James Conway, Commissioner's Hearing Officer James Kennedy, and Sergeant D. Borawski, in their individual and official capacities, violated his Eighth Amendment and procedural due process rights. We assume familiarity with the underlying facts and procedural history.

In September 2003, Guilbert was charged with failing to turn in his eating utensils following breakfast and placed on a restricted diet pending a hearing on the misbehavior report. Guilbert denied the misconduct, but the officials refused to review the videotape of the alleged incident. Guilbert claimed to have a serious pre-existing mental health condition that was aggravated by the stress of the false report and placement on the diet and, thus, the events caused a breakdown resulting in a suicide attempt and subsequent placement in a "strip cell" for 48 hours. At a hearing held on the misbehavior reports, the original charges were dismissed, but Guilbert was found guilty of charges related to his mental health breakdown, including becoming belligerent and destroying property. That guilty finding was reversed on appeal to the Special Housing Unit Director.

Based on these facts, Guilbert sued, alleging violations of the Eighth and Fourteenth Amendments. In his initial complaint, Guilbert claimed that the prison officials violated his constitutional rights when they unjustly imposed a 5–day pre-hearing restrictive diet upon him without following proper precautions in view of his pre-existing mental illness, thereby causing him to have a breakdown that included a suicide attempt. He further claimed that the defendants imposed the dietary restriction upon him without cause and that the accompanying disciplinary charges were dismissed at the hearing.

The district court found, *sua sponte*, that Guilbert's claims were subject to dismissal, but instructed him to file an amended complaint addressing, *inter alia*, how the imposition of the diet posed an objectively serious risk and how the defendants' actions were "wanton, malicious, or sadistic" as required for an Eighth Amendment claim. Guilbert then filed an amended complaint, which the court again dismissed *sua sponte*, holding that the amended complaint failed to satisfy the subjective element of an Eighth Amendment claim because Guilbert had failed to allege that the defendants knew, or should have known, that he should not have been placed on a restricted diet or that the defendants acted maliciously or sadistically. The district court then dismissed the due process claims, finding that Guilbert had failed to adequately allege that the restricted diet was atypical or significant.

Guilbert timely filed a request for an extension of time to file a motion under Federal Rule of Civil Procedure 59(e), asserting that he had retained the services of a "certified law clerk" to review his case for a colorable claim and emphasizing that the court should not dismiss a complaint unless it appeared, beyond a doubt, that he could prove no set of facts to support his claim. The district court erroneously assumed that the motion was untimely, construed it as a Rule 60(b) motion, and denied it. This appeal followed.

We review a district court's *sua sponte* dismissal *de novo. See Giano v. Goord,* 250 F.3d 146, 149 (2d Cir.2001). A complaint may be dismissed for failure to state

a claim only where "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Shakur v. Selsky,* 391 F.3d 106, 112 (2d Cir.2004) (quoting *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004)). In making this assessment, a court must "'accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor.'" *Id.* at 112–13 (quoting *Larkin v. Savage,* 318 F.3d 138, 139 (2d Cir.2003)). A court must also construe the pleadings of a *pro se* plaintiff "liberally." *Id.* at 113.

### Due Process Claims

■ The district court properly dismissed Guilbert's due process claims. Guilbert alleged that (1) the restrictive diet was imposed in violation of his due process right to clearance by both physical and mental health professionals and (2) he should not have been subjected to punishment based on his mental illness. To the extent that he alleged the diet was imposed without medical authorization of his physical fitness, the claim fails, as medical clearance was granted before the diet was commenced. Furthermore, although the record does not indicate that Guilbert was deemed mentally fit prior to the imposition of the diet, Guilbert failed to allege "both that the confinement or restraint create[d] an 'atypical and significant hardship' ... and that the state ha[d] granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from" a restricted diet for reasons of their mental health. *See Frazier v. Coughlin,* 81 F.3d 313, 317 (2d Cir.1996); *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Finally, because Guilbert received a hearing on the charges related to his mental breakdown, and has not raised any claims with respect to that proceeding, his procedural due process claim must also fail. *Grillo v. Coughlin,* 31 F.3d 53, 55 (2d Cir.1994) (stating that any unconstitutionality inherent in a false accusation is vitiated when it is tested in a fair hearing).

### Eighth Amendment Claim

■ The district court erred, however, in dismissing Guilbert's Eighth Amendment claim. To state an Eighth Amendment claim based on the conditions of confinement, a plaintiff must allege that the defendants' action was objectively "sufficiently serious" and that they acted with a "sufficiently culpable state of mind," meaning with a "deliberate indifference to inmate health or safety." *Phelps v. Kapnolas,* 308 F.3d 180, 185 (2d Cir.2002) (internal quotation marks and citations omitted). A condition is objectively serious if it "pose[s] an unreasonable risk of serious damage to [a prisoner's] future health." *Id.* (internal quotation marks omitted). To meet the subjective requirement, a plaintiff must assert that the prison officials knew "of and disregard[ed] an excessive risk to inmate health or safety ... [i.e.], [were] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also dr[ew] that inference." *Id.* at 185–86. Such knowledge may be inferred from circumstantial evidence. *Id.* at 186.

The district court applied too stringent a standard to Guilbert's complaint, improperly requiring him to allege that the defendants' actions were "malicious and sadistic," rather than conducted with "deliberate indifference" for his health or safety. *See Phelps,* 308 F.3d at 185. As in *Phelps,* the court also incorrectly held Guilbert to a heightened pleading standard by requiring him to supplement his pleading with additional, specific facts showing subjective intent in addition to the short and plain statement required under Fed.R.Civ.P. 8(a)(2). *See also* Fed. R.Civ.P. 9(b) ("Malice, intent, knowledge,

and other condition of mind of a person may be averred generally."); *id.* at 186–87 (noting that a plaintiff's ability to prove facts such as subjective intent is an issue for summary judgment). Guilbert alleged that a prison official knowingly filed a false accusation against him and placed him on a restricted diet which, in conjunction with his preexisting mental condition, caused him to suffer a breakdown. He also attached records showing that he had such a preexisting condition and that prison officials delivered medication to him on a daily basis. Accepting the facts alleged in the amended complaint as true, drawing all inferences in Guilbert's favor, and reading the complaint liberally (as required for *pro se* filings), Guilbert adequately alleged that the prison officials were aware of the seriousness of his condition and purposely issued a false charge and imposed the diet. Because it does not appear beyond a doubt that Guilbert can prove no set of facts in support of his Eighth Amendment claim, the district court erred in dismissing Guilbert's amended complaint.

## CONCLUSION

For the foregoing reasons, we AFFIRM IN PART, as to the due process claims, and VACATE AND REMAND IN PART, as to the Eighth Amendment claim.