SUMMARY ORDER

Appellants Tyheem Keesh and Jesus Jova, pro se and incarcerated, appeal a judgment of the district court granting the Defendants’ motion for summary judgment and dismissing their 42 U.S.C. § 1983 complaint alleging violations of their rights under the First, Eighth, and Fourteenth Amendments, as well as the Religious Land Use and Institutionalized Persons Act (“RLUIPA”), 42 U.S.C. § 2000cc et seq. Appellants have also moved to expand the record on appeal to include two additional exhibits. In a separate per curiam opinion issued today, we address the Appellants’ RLUIPA claims. In this summary order, we review their other claims. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
As a preliminary matter, because the Appellants did not raise below their arguments that the Defendants violated their rights a) by refusing them access to Tulukeesh materials in preparation for a state court proceeding and b) by failing to adhere to N.D.N.Y. Local Rules 7.1(a)(1) and (2), we -will not consider these claims. See Singleton v. Wulff, 428 U.S. 106, 120-21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); see also Virgilio v. City of New York, 407 F.3d 105, 116 (2d Cir.2005). Moreover, because Appellants do not challenge the district court’s dismissal of their equal protection claim under the Fourteenth Amendment, we deem that claim abandoned. See Lo-Sacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir.1995).
The Appellants’ other claims of error are without merit. As an initial matter, Appellants’ argument that the district court erred by denying their motion to file a second amended complaint is unavailing, since the record shows that the court did not abuse its discretion in determining that the additional claims set forth in the proposed amended complaint were duplicative or barred by absolute immunity, or would unnecessarily delay the proceedings. See Patane v. Clark, 508 F.3d 106, 113 n. 6 (2d Cir.2007) (per curiam).
Regarding the Appellants’ free exercise claim, the Supreme Court has recognized that a prison regulation burdening a protected right will nonetheless withstand a constitutional challenge if the regulation is reasonably related to legitimate penological interests. See O’Lone v. Estate of Shabazz, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) (citing Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)). As to this claim, we must, therefore, consider: “(1) *744 whether the practice asserted is religious in the person’s scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (8) whether the challenged practice of the prison officials furthers, some legitimate penological objective.” Farid, v. Smith, 850 F.2d 917, 926 (2d Cir.1988).
Because the Defendants do not challenge the sincerity of the Appellants’ beliefs, and because the Defendants assume that their practices infringe on those beliefs, we, like the district court, need only consider whether those practices further some legitimate penological interest. A review of the record confirms the district court’s determination that all of the practices challenged by the Appellants promote the Defendants’ legitimate penological interests in maintaining institutional safety, security, and order, and therefore withstand the Appellants’ free exercise challenge. See O’Lone, 482 U.S. at 349, 107 S.Ct. 2400; Ford v. McGinnis, 352 F.3d 582, 595-96 (2d Cir.2003).
Appellants also argue that the challenged practices violated their rights under the Eighth Amendment. To set forth an Eighth Amendment claim, a plaintiff must show, inter alia, that the challenged conduct deprived him of the “minimal civilized measure of life’s necessities.” Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); accord Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir.2002). There is no evidence in the record suggesting that the Defendants’ conduct even approached this high threshold. Hence, the district court properly dismissed this claim.
Lastly, the Appellants’ argument that the Defendants retaliated against them based on their religious practice is unavailing. To show retaliation, an incarcerated plaintiff must demonstrate that his constitutionally protected conduct was a substantial or motivating factor for a prison official’s adverse action. See Bennett v. Goord, 343 F.3d 133, 137 (2d Cir.2003). Here, the record confirms a) that the Defendants’ initiation of disciplinary proceedings against the Appellants and the searches of their cells were in direct response to Keesh’s attempted proselytization of other inmates, and b) that such proselytizing was in contradiction of explicit prison regulations. Thus, the district court properly dismissed this claim.[1]
We have considered all of the Appellants’ remaining claims and find them to be without merit. The district court’s judgment with respect to all of the Appellants’ claims, except their RLUIPA claims, is hereby AFFIRMED.

. Because the exhibits identified by the Appellants are not material to their claims, and because Appellants fail to identify any extraordinary circumstances warranting their consideration, Appellants’ motion to expand the record dated January 16, 2009 is hereby DENIED. See Fed. R.App. P. 10(a).