08-3131-pr
Day v. Warren

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

PRESENT:
> Wilfred Feinberg,
> Robert A. Katzmann,
> > *Circuit Judges*,
> T.S. Ellis, III,*
> > *District Judge*.

———————————————————————————

Jason Mourice Day,

> *Plaintiff-Appellant*,

> v.                                                            08-3131-pr

John Warren, Captain; Cappirillio, Lt.; Dennis Jones, Dir. of Security; James McGaughey, Dir.; Nancy B. Alisberg, Atty.; James E. Dzurenda, Warden; Castro, MD; O'Haleran, MD; Joan Dobson, Med Grievances Coordinator; Pat Morris, Med. Supv.; John Doe, Med. Referral Supv., U-Conn UCMHC/URC; Mark Buchanan, Clinical Dir.; Farinella, MD; Ruiz, MD; Naqui, MD,

> *Defendants-Appellees*.

———————————————————————————

—————————

* The Honorable T.S. Ellis, III, United States District Judge for the Eastern District of Virginia, sitting by designation.

FOR APPELLANT:          Jason M. Day, *pro se*, Cheshire, Connecticut.

FOR APPELLEES:          Richard Blumenthal, Attorney General for the State of
                        Connecticut (Ann E. Lynch, Assistant Attorney General, on the
                        brief), Hartford, Connecticut.


Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Jason Mourice Day, *pro se*, appeals from a judgment of the district court granting summary judgment to the Defendants, employees of the Connecticut Department of Correction, and dismissing Day's 42 U.S.C. § 1983 complaint, which alleged unconstitutional conditions of confinement and deliberate indifference to a serious medical need in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, the only decision Day challenges on appeal is the district court's June 5, 2008 order granting summary judgment, and he has therefore waived any challenge to the district court's prior orders in this litigation. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se* . . . .").

We review a district court's order granting summary judgment *de novo* and ask whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff &*

*Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statement[s] or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

We affirm for substantially the same reasons stated in the district court's thorough and well reasoned opinion. The Defendants were entitled to judgment as a matter of law because Day failed to establish that the conditions of his confinement violated contemporary standards of decency, *see Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002), or that the Defendants knew of and disregarded an excessive risk to his health, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006); *see also Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("[M]ere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation."). For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____