Ruiz v. Blanchette

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand thirteen.

PRESENT: RALPH K. WINTER,
  GERARD E. LYNCH,
  CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

_____

Antonio Ruiz,

  *Plaintiff-Appellee*,

  v.  12-4274

Edward Blanchette, Doctor, Individually, Mark
A. Frayne, Doctor, Individually, Carson Wright,
Doctor, Individually, Gerard Gagne, Jr., Doctor,
Individually, Robert Berger, Doctor,
Individually,

  *Defendants-Appellants*.

_____

FOR APPELLANTS:          Lynn D. Wittenbrink, Assistant Attorney General, *for* George Jepsen, Attorney General for the State of Connecticut, Hartford, CT.

FOR APPELLEE:            Antonio Ruiz, *pro se*, Newtown, CT.


Appeal from an order of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Chief J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, to the extent it determined that defendants were not entitled to qualified immunity as a matter of law, is **AFFIRMED**, and the appeal is **DISMISSED** in all other respects for lack of jurisdiction.

Defendants-appellants appeal from the district court's September 24, 2012 order denying their motion for summary judgment on, inter alia, qualified immunity grounds. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Russo v. City of Bridgeport, 479 F.3d 196, 211 (2d Cir. 2007) (internal quotation marks omitted). We review de novo a district court's denial of summary judgment on qualified immunity grounds. Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 210 (2d Cir. 2003).

2

While a denial of summary judgment is ordinarily not an appealable "final decision" within the meaning of 28 U.S.C. § 1291, under the collateral order doctrine, "a district court's denial of a summary judgment motion that is based on a substantial claim of qualified immunity is immediately appealable where the district court has rejected the defense as a matter of law." Munafo v. Metro. Transp. Auth., 285 F.3d 201, 210 (2d Cir. 2002); see also Jones v. Parmley, 465 F.3d 46, 54 (2d Cir. 2006). "A more difficult question is presented when the district court's legal ruling depends upon an assessment of facts and a finding that disputed material facts exist." Poe v. Leonard, 282 F.3d 123, 131-32 (2d Cir. 2002). In such a case, we have jurisdiction "where the defendant contends that on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find, the immunity defense is established as a matter of law because those facts show either that he 'didn't do it' or that it was objectively reasonable for him to believe that his action did not violate clearly established law." Id. at 132 (internal quotation marks omitted). We do *not* have jurisdiction where a defendant argues that the district court erred in ruling that the plaintiff offered sufficient proof to create a jury issue. Id.; see also Munafo, 285 F.3d at 211 ("If the district court has ruled that adjudication of the immunity defense requires resolution of genuinely disputed questions of material fact, the denial of summary judgment on that basis is not immediately appealable."). "In short, where the district court denied immunity on summary judgment because genuine issues of material fact

3

remained, we have jurisdiction to determine whether the issue is *material*, but not whether it is *genuine*." Bolmer v. Oliveira, 594 F.3d 134, 140-41 (2d Cir. 2010).

To the extent that defendants challenge the district court's analysis of plaintiff-appellee Antonio Ruiz's underlying Eighth Amendment claim, we lack jurisdiction to consider such arguments. Because the district court found that disputed issues of material fact exist as to whether defendants violated the Eighth Amendment, defendants' arguments over the sufficiency of Ruiz's factual allegations go beyond our narrow jurisdiction. See id.

Furthermore, to the extent that defendants argue that they are entitled to qualified immunity because their conduct was not objectively unreasonable, we lack jurisdiction over this contention. The district court found, in analyzing Ruiz's deliberate indifference claim, that there were disputed issues of material fact as to whether defendants had offered Ruiz a nutritionally adequate diet that was served under conditions which did not present an immediate danger to his health. Since this disputed issue of material fact weighs directly on whether defendants' conduct was reasonable in the qualified immunity context, we lack jurisdiction to consider defendants' objective reasonableness argument at this time. While defendants argue that they are entitled to qualified immunity even on Ruiz's version of the facts, they do not base their argument on Ruiz's facts at all, but instead challenge the correctness of the district court's conclusion that factual questions exist as to defendants' factual contentions, which we lack jurisdiction to review. See

4

Bolmer, 594 F.3d at 141 ("We lack jurisdiction to compare [defendants'] factual evidence with [plaintiff's].").

Accordingly, we review only defendants' claim that they are entitled to qualified immunity because they did not violate a "clearly established" right. A right is clearly established, for qualified immunity purposes, "if decisions of the Supreme Court or of the appropriate circuit have defined the contours of the right with reasonable specificity." Tellier v. Fields, 280 F.3d 69, 84 (2d Cir. 2000) (internal quotation marks omitted).

Defendants do not dispute that we have recognized a constitutional right to both adequate food and adequate medical care while incarcerated. While defendants attempt to define the right at issue as the right not to be put on a short-term liquid diet in an attempt to deter extreme, self-injurious behavior, the Supreme Court has not defined rights under the Eighth Amendment so narrowly. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (finding that the Eighth Amendment requires prison officials to, among other things, "ensure that inmates receive adequate food, clothing, shelter, and medical care"); Helling v. McKinney, 509 U.S. 25, 32 (1993) (same); see also Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002) (same); Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (holding that Eighth Amendment requires that "prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it" (internal quotation marks omitted)).

5

Here, Ruiz alleged, and presented evidence that the district court found sufficient to permit a jury to conclude, that the defendants had placed him on a liquid diet, for a thirteen-day period in 2008 and a ten-day period in 2009, that was inadequate to nourish him, bore no relationship to the conduct that defendants claimed they were attempting to control, and was conducted without medical supervision. These allegations implicate both of the clearly established rights referenced above. To the extent that defendants argue that qualified immunity is appropriate because no court has held that an inmate bent on self-destruction has the right to receive the full amount of calories recommended for healthy adult males every day, defendants conflate whether a right is clearly established, which looks at the nature of the right asserted, with whether defendants' conduct was objectively reasonable, which looks at the specific facts of the case – a question over which, as discussed above, we lack jurisdiction. See Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 251 (2d Cir. 2001) ("[T]he absence of legal precedent addressing an identical factual scenario does not necessarily yield a conclusion that the law is not clearly established. Indeed, it stands to reason that in many instances the absence of a reported case with similar facts demonstrates nothing more than widespread compliance with the well-recognized applications of the right at issue on the part of government actors." (citation and internal quotation marks omitted)). Accordingly, the district court properly denied defendants' motion for summary judgment to the extent that it found that the rights at issue here were clearly established.

We have considered defendants' remaining arguments on appeal and find them to be without merit.  For the foregoing reasons, the order of the district court, to the extent it determined that defendants were not entitled to qualified immunity as a matter of law, is hereby **AFFIRMED**, and the appeal is **DISMISSED** in all other respects for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk