Robert SIMS, Plaintiff–Appellant,

v.

Glenn S. GOORD, George J. Bartlety, Lucien Leclaire Jr., Floyd G. Bennett Jr., Dana M. Smith, Robert Guzman, Raymond Doane, William J. Hopkins, Candie Healy, Brian Malone, Defendants–Appellees.

Docket No. 05–0597.

United States Court of Appeals, Second Circuit.

Sept. 21, 2005.

Robert Sims, Almera, NY, for Appellant pro se.

Andrea Oser, Assistant Solicitor General (Dorothy E. Hill, Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief), Albany, NY, for Appellee, of counsel.

Present: McLAUGHLIN CABRANES, Circuit Judges, and MUKASEY,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED** in part, **VACATED** in part, and **REMANDED.**

In a *pro se* complaint dated April 10, 2001, incarcerated plaintiff Robert Sims alleged that defendants, who are employees of the New York State Department of Correctional Services, denied him meaningful access to the courts by tampering with his mail. Specifically, plaintiff asserted that his correspondence seeking to initiate proceedings in New York state courts was "unlawfully withheld" by defendants Robert Guzman and Candy Healy "from going out of" the Elmira Correctional Facility. Plaintiff alleged this interference caused him "unlawfully" to remain in Elmira's special housing unit ("SHU").

In an order dated February 7, 2002, the District Court *sua sponte* dismissed plaintiff's claims, but permitted plaintiff to file amended pleadings. Plaintiff filed an amended complaint on February 13, 2002, where he raised two claims. First, plaintiff asserted that he was denied access to the courts, substantially for the reasons set forth in his original complaint. Second, plaintiff alleged that conditions of his confinement at the SHU between September 10 and October 31, 1998 violated the prohibition on "cruel and unusual" punishment in the Eighth Amendment to the United States Constitution. In particular, plaintiff asserted that he had been deprived of, *inter alia,* "clothing", "normal meals" and "water."

Defendants moved to dismiss the amended complaint on the merits and on the ground that plaintiff's second claim was time-barred.

The District Court granted defendants' motion in a Decision and Order dated January 21, 2005. With respect to plaintiff's first claim, the Court concluded that plaintiff attempted to send correspondence by certified mail, and, in the circumstances of this case, defendants' interference with this form of postage was not unlawful. Plaintiff challenges this determination on appeal. Substantially for the reasons stat-

* The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

ed in the District Court's Decision and Order of January 21, 2005, we affirm the dismissal of plaintiff's first claim.

The District Court then turned to the timeliness of plaintiff's Eighth Amendment challenge to SHU conditions. The three-year statute of limitations for such claims in New York "begins to run once the plaintiff knows of the injury on which the claim is based." *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 331–32 (2d Cir.1997). Construing plaintiff's allegations of mistreatment at the SHU in a manner most favorable to him, the statute of limitations began to run on October 31, 1998. Assuming no tolling, the statute of limitations expired on October 31, 2001— more than three months before plaintiff's amended complaint was filed.

The District Court nonetheless ruled that plaintiff's Eight Amendment claim was timely. It relied on Subsection (c) of Federal Rule of Civil Procedure 15, which provides, in relevant part, that "[a]n amendment of a pleading relates back to the date of the original pleading when ... (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The Court held that plaintiff's Eighth Amendment challenge to SHU conditions in the amended complaint "relate[d] back" to the allegations in the original complaint, which was timely filed.

On appeal, defendants argue that the District Court incorrectly applied the "relation back" doctrine. We agree. We have previously held that, "[i]n determining whether the claim arises out of the same conduct or occurrence, '[t]he pertinent inquiry ... is whether the original complaint gave the defendant fair notice of the newly alleged claims.'" *Fama v. Commissioner of Correctional Services*, 235 F.3d 804, 815 (2d Cir.2000) (quoting

*Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir.1998)). Upon review of plaintiff's original complaint, we conclude that it did not give defendants fair notice of plaintiff's Eighth Amendment challenge to the confinement conditions at the SHU. Every reference to the SHU in plaintiff's original complaint was made in a particular context—namely, that defendants' alleged interference with plaintiff's mail prevented him for challenging the *grounds* for his confinement at the SHU. At no point did the allegations in the original complaint give defendants "fair notice" that plaintiff intended to challenge the *conditions* of his confinement at the SHU.

Although we conclude that the "relation back" doctrine of Rule 15(c) is inapplicable here, we remand the cause to the District Court for further findings related to the timeliness of plaintiff's Eight Amendment claim. In their appellate brief, defendants admit that we have not previously settled whether the statute of limitations for a civil rights claim by an incarcerated inmate should be tolled while the inmate exhausts administrative grievance procedures pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *Compare Taylor v. New York State Dept. of Corrections*, 2004 WL 2979910, at *11 (S.D.N.Y.2004) (holding "that section 1997e(a) is the sort of 'statutory prohibition' on the commencement of an action that gives rise to tolling under" under New York law), *with Thomas v. Henry*, 2002 WL 922388, at *2 (S.D.N.Y.2002) (holding that grievance procedures in this context do not toll the statute of limitations). We need not resolve this question here, for it is not clear whether plaintiff pursued any grievance procedures, and, if so, for how long. We therefore remand the cause to the District Court to determine whether plaintiff's Eighth Amendment claim was

timely due to tolling of the statute of limitations.

We thus need not reach the merits of plaintiff's Eighth Amendment challenge to SHU conditions, which the District Court dismissed for failure to state a claim. Should the District Court determine that plaintiff's claim was timely, we are confident that the case will proceed in the normal course, with the Court mindful that a *"pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see also Phelps v. Kapnolas,* 308 F.3d 180, 187 (2d Cir.2002) (reversing a district court's dismissal of an Eighth Amendment claim because plaintiff "might prove that the restricted diet was nutritionally inadequate and that placing him on such a diet for fourteen days was likely to cause serious harm, wantonly inflicting pain and suffering without penological justification and violating contemporary standards of decency," and that the defendants "knew of the substantial risk of harm from the very fact that the risk was obvious").

Accordingly, the judgment of the District Court is hereby **AFFIRMED** in part, with respect to plaintiff's claim that he was denied access to the courts, and **VACATED** in part, with respect to plaintiff's Eight Amendment challenge to SHU conditions, and **REMANDED** for further proceedings consistent with this order.