Miguel A. BAEZ, Plaintiff–Appellant,

v.

Yaff KAHANOWICZ, Defendant–Appellee.

No. 07–1118–pr.

United States Court of Appeals, Second Circuit.

May 15, 2008.

---

Miguel Baez, Coleman, FL, pro se.

John C. Hunt, Law Offices of Marian Polovy, New York, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Miguel A. Baez, acting *pro se*, appeals from the district court's grant of summary judgment in favor of the defendant, dismissing Baez's claim under 42 U.S.C. § 1983 based on the defendant's alleged deliberate indifference when providing the plaintiff medical care in prison. We assume the parties' and counsel's familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

Prisoners may not bring actions with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies must be completed before filing suit. *See Neal v. Goord*, 267 F.3d 116, 122–23 (2d Cir.2001). This exhaustion requirement may be excused only when "(1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such as way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." *Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir.2006) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir.2004)).

■ Baez filed an initial complaint on June 25, 2003 and an amended complaint on August 5, 2003. In response to Baez's initial complaint, the district court incorrectly described the inmate grievance procedures for the New York City Department of Corrections rather than those for federal facilities. There is no indication, however, that these instructions impeded Baez's ability properly to exhaust his administrative remedies for he subsequently pursued the proper procedures. Because Baez had not completed all steps of the inmate grievance procedure for federal prisoners prior to commencing his lawsuit, and because Baez does not allege any facts that would otherwise excuse the exhaustion requirement, the district court properly dismissed his complaint.

■ This dismissal was properly with prejudice. Any complaint filed after the district court's decision on January 16, 2007, would have exceeded the three-year statute of limitations that commenced no later than April 2003 when Baez's cast was removed and he became aware of his injuries. *See Chin v. Bowen*, 833 F.2d 21, 23–24 (2d Cir.1987). Although we have not resolved the question of whether the statute of limitations for a claim should be tolled while an inmate exhausts administrative procedures, *see Sims v. Goord*, 151 Fed.Appx. 12 (2d Cir.2005), we need not do so here. Baez has indicated that his administrative process was complete in December 2003. Therefore, even if we tolled the statute of limitations through this date, a complaint newly filed after the district court's decision would have been untimely.

■ In any case, Baez's complaint fails to allege a constitutional violation. Although an inmate may "prevail on an Eighth Amendment claim arising out of medical care by showing that a prison official acted with 'deliberate indifference' to the inmate's serious medical needs ... [a] showing of medical malpractice is ... insufficient to support [such a claim] unless the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir.2003). Baez alleges only that his arm fracture was improperly set, causing deformity and pain—a claim of medical malpractice. He received treatment including physical therapy to amelio-

rate the effects of any improper treatment. Baez's allegations are therefore insufficient to support an claim of a constitutional violation.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.