**Michael J. WANG, Plaintiff–Appellant,**

**v.**

**OFFICE OF PROFESSIONAL MEDICAL CONDUCT, New York State Department of Health and Education Commission for Foreign Medical Graduates, Defendants–Appellees.**

**Nos. 06–1092–cv (L), 06–1158–cv (Con).**

United States Court of Appeals, Second Circuit.

March 28, 2007.

Michael J. Wang, M.D., pro se, South Setauket, NY, for Appellant.

Benjamin N. Gutman, Assistant Solicitor General, New York, N.Y. for appellee Office of Professional Medical Conduct; Silvia A. LeBlanc, Morgan, Lewis & Bockius

LLP, Philadelphia, PA, for appellee Educational Commission for Foreign Medical Graduates, for Appellees.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Michael J. Wang, M.D., appeals the Rule 12(b)(6) dismissal of his complaint against the Education Commission for Foreign Medical Graduates ("ECFMG") and the Office of Professional Medical Conduct of the New York State Department of Health ("OPMC"). We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

▪ The district court correctly determined that Wang's Section 1983 claims against OPMC are barred by the Eleventh Amendment. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594–95 (2d Cir.1990) (recognizing that Section 1983 does not abrogate the states' Eleventh Amendment immunity). OPMC also argues that it enjoys sovereign immunity from Wang's Section 1981, federal constitutional, and state law claims. The district court may address this argument in the first instance on remand.

▪ The Section 1983 claims against ECFMG were properly dismissed because Wang does not allege that ECFMG is a state actor. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 837–38, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). The portions of the Fourteenth Amendment on which Wang apparently relies also apply only to state actors. *See* U.S. Const. amend 14 § 1 (creating prohibitions against state action); *Rendell–Baker*, 457 U.S. at 837, 102 S.Ct. 2764. In addition, because ·New York courts require state action for an equal protection claim made under the New York constitution, *see Under 21 v. City of*

*New York*, 65 N.Y.2d 344, 360 n. 6, 492 N.Y.S.2d 522, 482 N.E.2d 1 (1985), Wang's New York constitutional claim was properly dismissed insofar as it alleges an equal-protection violation. However, New York does not require state action in claims made under its Constitution's Due Process Clause. *See Sharrock v. Dell Buick–Cadillac, Inc.*, 45 N.Y.2d 152, 160, 408 N.Y.S.2d 39, 379 N.E.2d 1169 (1978). Rather, New York's Due Process Clause is interpreted as containing a "more flexible State involvement requirement." *Id.* Therefore, insofar as Wang's complaint asserts a due-process violation under the New York Constitution, we vacate and remand in order that the district court may reconsider the sufficiency of Wang's claim under the "more flexible" state standard. Insofar as the district court dismissed because Wang failed to allege a property interest, we note that Wang did allege that his certification had been revoked. On remand, the district court should address whether the interest Wang had in his certification was a property interest.

▪ The court also correctly dismissed Wang's Title VII claims against ECFMG and OPMC because neither entity employed Wang. *See Kern v. City of Rochester*, 93 F.3d 38, 45 (2d Cir.1996).

▪ As the district court explained, plaintiff's Section 1985 claims against both defendants fail because there are no allegations of conspiracy in the claims against either defendant. *See* 42 U.S.C. § 1985; *cf. Herrmann v. Moore*, 576 F.2d 453, 458–59 (2d Cir.1978) (holding that 42 U.S.C. § 1985(2), cl. 1 claim cannot be based on the actions of the employees of one corporation). Thus, Wang's Section 1986 claims also fail. *See Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir.1996) (holding that "a § 1986 claim is contingent on a valid § 1985 claim").

▪ However, we reverse the district court's holding that Wang failed to suffi-

20

ciently plead a Section 1981 claim against ECFMG or OPMC. Wang alleged that in revoking his certificate, ECFMG "discriminated against [him] on the basis of his race" and that in falsely reporting to the National Practitioner Data Bank and Healthcare Integrity Protection Data Bank that Wang had "practice[d] medicine fraud," OPMC also discriminated on the basis of race. Although Wang alleges no facts that would support a finding of discriminatory intent, he need not do so at the pleading stage. *See Swierkiewicz v. Sorema,* 534 U.S. 506, 511–13, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *cf. Phelps v. Kapnolas,* 308 F.3d 180, 186–87 (2d Cir. 2002). We therefore must vacate the dismissal of Wang's Section 1981 claims. Having done so, we must also vacate the dismissal of Wang's remaining state law claims, which were dismissed for lack of pendent jurisdiction.

In sum, with respect to both defendants, we affirm the district court's dismissal of Wang's Title VII and Sections 1983, 1985, and 1986 claims. With respect to ECFMG, we also affirm the district court's dismissal of Wang's Fourteenth Amendment and New York constitutional equal protection claims, but with respect to OPMC, vacate the dismissal of those claims. In addition, with respect to both defendants, we vacate the district court's dismissal of Wang's New York constitutional due process and state law claims. Finally, we reverse the district court's holding that Wang's Section 1981 claims were not pleaded sufficiently, and vacate it dismissal of those claims. Upon remand, we leave it to the district court to (1) evaluate the sufficiency of Wang's New York constitutional due process claim under its "more flexible" state action requirement; (2) address whether Wang had a property interest in his certification for purposes of his New York constitutional due process claim; and (3) address in the first instance whether OPMC enjoys sov-

ereign immunity from Wang's Section 1981, federal constitutional, state constitutional, and state law claims.