SUMMARY ORDER

Appellant Michael J. Wang, pro se, appeals from the district court’s dismissal of his complaint against the Office of Professional Medical Conduct (“OPMC”), of the New York State Department of Health, after remand by this Court for consideration of whether OPMC enjoys Eleventh Amendment sovereign immunity from Wang’s 42 U.S.C. § 1981, federal constitutional, state constitutional, and state law claims. See Wang v. Office of Professional Medical Conduct, 228 Fed.Appx. 17 (2d Cir.2007) (unpublished summary order). In that decision, we also affirmed the dismissal of Wang’s claims against OPMC pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
This Court reviews de novo a district court’s dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, “ ‘accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.’ ” Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir.2009) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002)); see also Miller v. Wolpoff & Abramson, LLP, 321 F.3d 292, 300 (2d Cir.2003). The complaint must plead “enough facts to state a claim to relief that is plausible on its face.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); see also Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
The district court correctly determined that Wang’s § 1981 claim was precluded by Eleventh Amendment immunity. See Singletary v. Missouri Dep’t of Corrections, 423 F.3d 886, 890 (8th Cir.2005) (noting that “other circuits have uniformly held that a state is immunized from § 1981 liability under the Eleventh Amendment,” and collecting cases). Wang’s state constitutional and state law claims are similarly precluded. See Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 541, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002).
With respect to Wang’s unspecified “federal constitutional claims,” liberally construing his pro se complaint, he sought relief under Section 1 of the Fourteenth Amendment. However, this Court has held that Section 1 does not abrogate the States’ Eleventh Amendment immunity, and a suit for monetary damages under *461 the Fourteenth Amendment is therefore barred. See Santiago v. New York State Dep’t of Corr. Services, 945 F.2d 25, 28-32 (2d Cir.1991). Insofar as Wang’s complaint could be construed as seeking equitable relief for an alleged Fourteenth Amendment violation, while such a claim “is not barred by the Eleventh Amendment’s ban on retroactive damage actions, it too must be dismissed because it does not follow the requirement, established in Ex Parte Young, [209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) ], that a plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly,” Santiago, 945 F.2d at 32.
For the foregoing reasons, the judgment of the district court is hereby
AFFIRMED.