22-1861-cv
*Napoli-Bosse v. General Motors LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

MARLAINA A. NAPOLI-BOSSE, on behalf of herself and all others similarly situated,

> *Plaintiff-Appellant*,

> v.                                                                  22-1861-cv

GENERAL MOTORS LLC,[*]

> *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | SERGEI LEMBERG, Lemberg Law, LLC, Wilton, CT. |
| For Defendant-Appellee: | JOSEPH J. ORZANO (James C. McGrath *on the brief*), Seyfarth Shaw LLP, Boston, MA. |

---

[*] The Clerk of the Court is directed to amend the official caption as shown above.

Appeal from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Marlaina A. Napoli-Bosse ("Napoli-Bosse" or "Plaintiff"), on behalf of herself and all others similarly situated,[1] appeals from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*) entered on August 23, 2022, dismissing Napoli-Bosse's breach of express warranty and breach of contract claims against Defendant-Appellee General Motors LLC ("General Motors" or "GM" or "Defendant"). Napoli-Bosse leased a GMC vehicle from an authorized GM dealership in February 2017. In July 2018, the vehicle became unusable due to a "Shift to Park" defect. Napoli-Bosse sued General Motors principally for breach of express warranty and breach of contract alleging that the manufacturer failed to repair her GMC vehicle in accordance with its New Vehicle Limited Warranty ("Warranty"), which provided "for repairs to the vehicle during the warranty period . . . to correct any vehicle defect." App'x 245. On a motion to dismiss, the district court held that Napoli-Bosse failed to state a claim for breach of express warranty because the Warranty's "repair" provision does not fall within the scope of Connecticut's law governing express warranties, *see* Conn. Gen. Stat. § 42a-2-313. On summary judgment, the district court concluded that Napoli-Bosse lacked contractual privity with General Motors and dismissed her breach of contract claim on that basis. For the reasons set forth below, we affirm the district court's judgment

---

[1] This appeal relates only to the claims of Ms. Napoli-Bosse and the putative class. Plaintiffs Brandy Smith, Rilla Jefferson, Samuel Taylor, and Mark Riley, who were parties to the suit in the decision below, refiled their claims in other courts, settled, or withdrew their claims altogether.

pertaining to both rulings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of a motion to dismiss *de novo*. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019). As part of that review, we "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). We similarly review a district court's order granting summary judgment *de novo*, "drawing all factual inferences in favor of the non-moving party." *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 30 (2d Cir. 2012). A court must grant summary judgment if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56 (2d Cir. 2012).

## I. Breach of Express Warranty Claim

Connecticut law defines an express warranty as including "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain . . . ." Conn. Gen. Stat. § 42a-2-313(1)(a). Plaintiff contends that GM's "promise" to repair any vehicle defect in its registered vehicles is consistent with the plain language of the statute and that this reading of the statute is supported by case law. None of the cases Plaintiff cites, however, squarely hold that a repair provision in a standard warranty falls within the scope of section 42a-2-313, and courts construing the supposedly plain language in other jurisdictions have reached different conclusions on the question. *See Napoli-Bosse v. Gen. Motors LLC*, 453 F. Supp. 3d 536, 544–45 (D. Conn. 2020) (collecting cases).

3

We need not decide whether GM's warranty constitutes an express warranty under Connecticut law, however, because even assuming *arguendo* that it does, Connecticut law requires privity to establish a breach of warranty claim, at least in circumstances in which there is another available cause of action. *See Frasier v. Stanley Black & Decker, Inc.*, 109 F. Supp. 3d 498, 506 (D. Conn. 2015); *Hamon v. Digliani*, 174 A.2d 294, 295 (Conn. 1961) ("[T]o sustain an action for breach of express or implied warranty there has to be evidence of a contract between the parties, for without a contract there could be no warranty."); *Utica Mut. Ins. Co. v. Denwat Corp.*, 778 F. Supp. 592, 596 (D. Conn. 1991) (allowing a breach of express warranty claim to proceed "absent another available cause of action" and "despite the lack of privity with the defendants"). Here, Plaintiff could have pursued litigation against GM's authorized dealer regarding the nonconforming operation of the vehicle. *See Cavanaugh v. Subaru of Am., Inc.*, No. MMXCV166015243, 2017 WL 2293124, at *3 (Conn. Super. Ct. May 4, 2017) (noting that "[i]f the plaintiffs have any valid breach of warranty claims, the dealerships at which they purchased or leased their vehicles are the proper parties to the suit, not Subaru"). Since, as we explain below, there is no evidence indicating that Plaintiff was in privity with General Motors, Plaintiff's breach of warranty claim fails on this basis and was properly dismissed.

## II. Breach of Contract Claim

Plaintiff challenges the district court's dismissal of her breach of contract claim by asserting that the terms of her lease agreement with the GM dealership created contractual privity for her with General Motors because the lease stated that her vehicle was "subject to the manufacturer's standard warranty." App'x 235. We disagree. As evidenced by the record, General Motors was not a party to the lease agreement. Plaintiff's mere possession of GM's warranty booklet did not create a contractual relationship between Plaintiff and GM.

4

Consequently, this theory of privity and of breach of contract is unavailing. *See Coburn v. Lenox Homes, Inc.*, 378 A.2d 599, 601 (Conn. 1997) (explaining that "one who was neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract").[2]

In the absence of contractual privity, Plaintiff cites *Dow & Condon, Inc. v. Brookfield Dev. Corp.*, 833 A.2d 908 (Conn. 2003) for the proposition that she nonetheless retains standing to bring her breach of contract claim as a third-party beneficiary of GM's warranty. *Dow* affirmed that a non-party has standing to bring a breach of contract claim where "the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary]." *Dow*, 833 A.2d at 914 (internal quotation marks and citation omitted). Plaintiff argues that as a "subsequent owner" of a GMC vehicle, she is entitled to the benefits enumerated in the Warranty. The district court correctly rejected this theory. To begin with, the complaint identifies neither the contract nor the contracting parties that supposedly agreed to confer a benefit on Plaintiff. There is likewise no indication in the Warranty that General Motors and its authorized dealer intended to confer a benefit on Napoli-Bosse. Nor does the Warranty constitute an agreement between General Motors and its authorized dealer. As the district court determined, Plaintiff failed to provide any evidence that General Motors and its authorized dealer agreed that either of them would be obligated to provide repairs to Plaintiff. Plaintiff both failed to raise the third-

---

[2] Citing *Girolametti v. Michael Horton Associates, Inc.*, 208 A.3d 1223, 1229 (2019), Plaintiff avers that under Connecticut law, "privity" is not "reliant solely on whether there is a direct, one-on-one relationship between contractual parties," Appellant's Br. at 39, but looks to whether the parties share the same legal right. But *Girolametti* addressed privity in the context of *res judicata* and had nothing to say about privity in the context of a breach of contract claim.

party beneficiary theory until briefing on the summary judgment motion, and simply failed to adduce evidence in support of it.

### III.    Certification

Lastly, Plaintiff asks this Court to certify questions concerning (1) whether a repair warranty amounts to an express warranty under Connecticut law, and (2) whether the lack of privity completely bars her breach of contract claim.    We decline to do so.    We are permitted to certify questions to the Supreme Court of Connecticut "if the answer may be determinative of an issue in pending litigation in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of [Connecticut]."    Conn. Gen. Stat. § 51-199b(d); *see also* 2d Cir. Local R. 27.2(a).    In light of the clear privity requirement established by Connecticut case law as outlined above, we see no basis for certification.    The district court's dismissal was proper under Connecticut law based on the lack of privity between Plaintiff and GM.

\*        \*        \*

We have considered Napoli-Bosse's remaining arguments and find them to be without merit.    Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6