11-3526-cv
Smith v. NYS DOCS

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of October, two thousand twelve.

PRESENT: JON O. NEWMAN,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

JIMMY SMITH, ANTHONY PALUMBO,
suing on behalf of themselves and all others similarly situated,
*Plaintiffs-Appellants*,

v.                                                    No. 11-3526-cv

BRIAN FISCHER, Commissioner, Department of Correctional Services,
*Defendant-Appellee*,

THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES,
*Defendant.*[*]

_____

---

[*] The Clerk of the Court is directed to amend the official caption in the case to conform to the caption listed above.

FOR APPELLANT:                    ROBERT N. ISSEKS (Alex Smith, Peter A. Sell, *on the brief*), Middletown, New York and New York, New York

FOR APPELLEE:                     DAVID LAWRENCE III, Assistant Solicitor General, *of counsel* (Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part.

Plaintiffs-appellants Jimmy Smith and Anthony Palumbo[1] filed a putative class action against the New York State Department of Correctional Services ("DOCS") and its commissioner, defendant-appellee Brian Fischer, for deliberate indifference to their medical needs as cardiac patients in violation of the Eighth Amendment.[2] The district court (George B. Daniels, *Judge*) denied class certification and granted summary judgment for Fischer with respect to plaintiffs' claims that they do not receive a sufficiently heart-healthy diet ("diet claims"). The district court held a bench trial regarding plaintiffs' claims that the conditions

---

[1] Appellants' counsel stated at oral argument that Palumbo has been released from custody. After the original filing of the previous summary order in this case, appellants' counsel advised that the original information was inaccurate and that Palumbo remained in custody while Smith had been released. Smith's claims are therefore moot, and the previous summary order issued in this case is withdrawn.

[2] Plaintiffs conceded in the district court that their lawsuit against DOCS is barred by the Eleventh Amendment, so DOCS is not a party to this appeal.

2

of their transportation between Woodbourne Correctional Facility ("WCF") and Albany

Medical Center ("AMC") constituted deliberate indifference to their medical needs

("transportation claims"). After trial, the district court entered judgment for Fischer.

Palumbo appeals both the summary judgment and the judgment following the bench trial.

We assume the parties' familiarity with the facts and prior proceedings, which we reference

only as necessary to explain our decision.

We review a district court's decision to grant summary judgment de novo. Sudler v.

City of N.Y., 689 F.3d 159, 168 (2d Cir. 2012). In the context of an appeal from a bench

trial, we review a district court's conclusions of law de novo and its findings of fact for clear

error. Bessemer Trust Co. v. Branin, 675 F.3d 130, 135 (2d Cir. 2012).

To succeed on an Eighth Amendment deliberate indifference claim, a plaintiff must

satisfy two requirements. He must show both that the danger posed by the indifference he

alleges is "sufficiently serious" and that the defendant has acted with "deliberate indifference

to inmate health or safety" in failing to address this danger. Phelps v. Kapnolas, 308 F.3d

180, 185 (2d Cir. 2002), quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994).

1.      Diet Claims

Palumbo argues that, because of his history as a heart attack survivor, he has special

nutritional needs, that these needs require him to eat a minimum number of servings of fruits

and vegetables, and that the meals provided by DOCS are inadequate to a degree that

represents deliberate indifference to his medical needs in violation of the Eighth Amendment.

The parties do not contest the contents of the menu available to Palumbo; both sides rely on

3

the same menu entered into the record below. Because the dietary facts are undisputed, the only question is whether the diets provided by DOCS create sufficiently serious danger to inmate health and whether DOCS provided the meals with requisite knowledge of that danger.

Palumbo was given the option to participate in special meal programs that appellee contends met Palumbo's dietary needs as a cardiac patient. DOCS provides two diets designed to be low in cholesterol and sodium and high in fiber. DOCS arranged for Palumbo to meet with its nutritionist, who specifically recommended that he enroll in the special diet and who testified that the diets were nutritionally adequate. Palumbo declined to enroll in either of the special diets.

Palumbo relies primarily on a document published by the American Heart Association, which recommends eating four to five servings of fruits and vegetables per day. The AHA did not provide additional testimony in the case, and its health guidelines purport only to provide a recommended number of servings of each food group per day based on a typical 1600- to 2000-calorie diet. The guidelines are not tailored for individuals with a history of heart attacks, nor do they represent more than goals for a good diet, as opposed to dietary necessities. The suggested guidelines alone cannot support Palumbo's argument that, as a matter of law, the Eighth Amendment requires prison administrators to provide four servings of fruits and vegetables each day to cardiac patients. Palumbo concedes that he was offered diets with at least two servings of vegetables and three servings of fruit each day during the weeks documented in the record. On these facts, Palumbo has failed to meet his

burden of showing that the diet provided to him represented a sufficiently serious danger to his health to violate the Eighth Amendment.

Even if Palumbo had shown that the special meals provided by DOCS represented a sufficiently serious danger to his health, he failed to show facts sufficient to demonstrate that DOCS acted with deliberate indifference. It is undisputed that prison officials offered Palumbo access to special diets and arranged for him to meet with a registered dietician. Appellee offered unrebutted testimony that prison officials worked to improve the menus they provided to conform them to the latest nutritional science. Palumbo has not disputed or rebutted this evidence of appellee's efforts to tailor the diets of inmates to their medical needs. Accordingly, Palumbo has not raised a genuine issue of fact as to whether appellee was deliberately indifferent to his medical needs. As a result, summary judgment was appropriate for the diet claims.

2.      Transportation Claims

Palumbo also argues that the manner in which he was transported from WCF to AMC demonstrated deliberate indifference to his medical needs in violation of the Eighth Amendment. The district court determined that Palumbo suffered "bruising, swelling, profuse sweating, and anxiety accompanied by tightness in the chest" during van trips to the AMC. Smith v. Fischer, No. 08 CV 07090(GBD), 2011 WL 3278903, at *3 (S.D.N.Y. July 27, 2011) . But Dr. Mervat Makram, the only medical professional called to testify at trial, stated that none of the symptoms Palumbo complained of was caused directly by the methods used to restrain him during trips.

5

We have recognized that "not all claims regarding improper . . . care will be constitutionally cognizable" because "medical conditions[] may be of varying severity." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). Palumbo's symptoms do not rise to the level of severity required under the Eighth Amendment standard. In light of Dr. Makram's testimony, which the district court was entitled to credit, the district court's conclusion that Palumbo did not face the kind of serious, objective risk required under the Eighth Amendment inquiry was not error.

Even if Palumbo had shown that the danger caused by his transportation was sufficiently severe, the district court's finding that appellee was not deliberately indifferent to his medical needs is not clearly erroneous. At trial, Palumbo himself testified to the efforts made by Captain Peter Early, head of security at WCF, as well as Dr. Makram and other corrections officers, to address the discomfort he suffered under normal transportation protocols. Numerous steps were taken to accommodate Palumbo's medical needs, including altered restraint procedures, easier access to therapeutic medication, and reduced trip times. While some officers were unaware of these accommodations or otherwise failed to modify protocols, Palumbo never notified Captain Early or security staff about these isolated failures. On this record, the district court's findings that prison officials were not deliberately indifferent to Palumbo's medical needs was amply supported.

3.      Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED in part. Because Smith's claims are now moot, we VACATE the judgment of the district court with respect to his claims and REMAND the case with instructions that Smith's claims be dismissed as moot.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court