*Bradshaw v. Welch*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of March, two thousand twenty-three.

PRESENT:
>ROBERT D. SACK,
>SUSAN L. CARNEY,
>JOSEPH F. BIANCO,
>>*Circuit Judges*.

_____

Jay Bradshaw,

>*Plaintiff-Appellant*,

>v.

Matthew Welch, Correctional Officer, Upstate Correctional Facility; Gabriel Orbegozo, Correctional Officer, Upstate Correctional Facility; Nathan Locke, Correctional Officer, Upstate Correctional Facility; Russell, Correctional Officer, Upstate Correctional Facility; Gravlin, Captain, Upstate Correctional Facility; John Doe #1-2, Correctional Officers, Upstate Correctional Facility; Eric E. Marshall, Sergeant, Upstate Correctional Facility,

22-500-cv

*Defendants-Appellees*,

Soucia, Sergeant, Upstate Correctional Facility; Donald Uhler, Veneske, Corrections Sergeant, Brunson, Corrections Officer, C.O. Lamica, Mallette, Corrections Officer, Gadway, Corrections Officer, Gibson, C.O.,

*Defendants*.

FOR PLAINTIFF-APPELLANT:                Jay Bradshaw, *pro se*, Malone, NY.

FOR DEFENDANTS-APPELLEES:           Frederick A. Brodie, Assistant Solicitor General, Andrea Oser, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from an order of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-appellant Jay Bradshaw, proceeding *pro se*, appeals the district court's order, entered on March 4, 2022, denying his motion for a preliminary injunction.  As the district court noted, this lawsuit is one of at least twenty-two civil actions brought by Bradshaw since 2008. *See* Dist. Ct. Dkt. No. 13, at 3 (listing cases).  In this lawsuit, Bradshaw brought claims for, among other things, excessive force and failure-to-intervene under 42 U.S.C. § 1983, in connection with an alleged series of incidents on July 12, 2021, during which Bradshaw asserts he was assaulted by certain defendants while incarcerated at Upstate Correctional Facility

2

("Upstate").

Over several months following the filing of the complaint on July 21, 2021, Bradshaw moved numerous times for a preliminary injunction ordering the defendants to (1) desist from harming him and (2) transfer him from Upstate to another prison. The district court denied these motions. Bradshaw did not appeal those decisions.

On January 18, 2022, Bradshaw filed another request for injunctive relief based on an allegedly improper cell search conducted by correctional officers and threats allegedly made by defendant Sergeant Eric Marshall on January 6, 2022 (the "January 2022 Allegations"). While that motion was being briefed, Bradshaw commenced a separate federal lawsuit based on the January 2022 Allegations and moved for a temporary restraining order and a preliminary injunction, relief identical to that sought in the motion denied and appealed in this case. *See Bradshaw v. Uhler*, No. 22-cv-94, Dkt. Nos. 1–2 (N.D.N.Y.).

In the instant action, on March 4, 2022, the district court denied Bradshaw's motion for injunctive relief based on the January 2022 Allegations. *See Bradshaw v. Marshal*, No. 21-cv-0826, 2022 WL 630890, at *4 (N.D.N.Y. Mar. 4, 2022). The district court determined, among other things, that the motion should be denied because Bradshaw's pending separate lawsuit relating to the January 2022 Allegations sought identical injunctive relief, and "[i]t [was] entirely inappropriate to pursue the same injunctive relief in two separate actions, based on the same underlying conduct." *Id.* at *2.

Bradshaw filed this appeal. While the appeal was pending, Bradshaw was transferred to another New York State facility to participate in a treatment program but was subsequently transferred back to Upstate, where he remains incarcerated today. We assume the parties'

3

familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

As a threshold matter, we must determine whether Bradshaw's appeal is moot because we lack jurisdiction to review a moot appeal. *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 692 (2d Cir. 2013). An appeal becomes moot "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief [whatsoever] to a prevailing party." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted). Thus, "[a] prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility." *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002).

Defendants argue that, because Bradshaw was transferred to Lakeview Correctional Facility to participate in a treatment program in September 2022, his motion for injunctive relief related to his conditions of confinement at Upstate became moot, and his appeal must be dismissed even though he has now been transferred back to Upstate. We disagree.

Here, Bradshaw seeks an order vacating the district court's denial of his motion for a preliminary injunction that would provide emergency relief because of his conditions of confinement at Upstate. Because he is currently at Upstate, regardless of whether he was temporarily housed at another facility during the appeal, there is nothing about the present situation that would render it impossible for the district court to grant his requested relief, including his requested transfer from Upstate to another facility. *See, e.g.*, *Davis v. New York*, 316 F.3d 93, 99 (2d Cir. 2002) (holding that a transfer of incarcerated plaintiff to a different housing block did not moot claim for injunctive relief where plaintiff alleged that the unlawful

4

conduct persisted in current location); *see also Smith v. N.Y. State Dep't of Corr. Servs.*, No. 8-cv-7909, 2010 WL 1191957, at *1 (S.D.N.Y. Mar. 26, 2010) (declining to adopt Magistrate Judge's recommendation that inmate's Eighth Amendment claim was moot because he had been transferred out of the facility at issue where inmate alleged that he had been transferred back), *aff'd in part and vacated in part*, 500 F. App'x 59 (2d Cir. 2012), *as amended* (Oct. 24, 2012) (summary order) (addressing merits of Eighth Amendment claim). Put simply, "a live controversy" continues to exist between Bradshaw and the defendants regarding his continued incarceration at Upstate. *Thompson*, 284 F.3d at 415. Accordingly, this appeal is not moot.[1]

"A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (internal quotation marks and citation omitted).

We review the denial of a preliminary injunction for abuse of discretion, examining factual conclusions for clear error and the legal conclusions *de novo*. *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021), *cert. denied sub nom. Green Haven Preparative Meeting v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 142 S. Ct. 2676 (2022). We also

---

[1] In holding that the requested injunctive relief (including a transfer from Upstate) has not been rendered impossible by any subsequent events for purposes of the mootness analysis, we make no legal determination on the merits as to whether the relief sought may be granted in this case.

review for abuse of discretion a district court's handling of duplicative claims or motions in separate lawsuits. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

The district court determined in this case (which relates to alleged unconstitutional conduct by the defendants at Upstate on July 12, 2021) that it should not consider Bradshaw's motion for injunctive relief related to separate events at Upstate months later in January 2022 allegedly involving different defendants (with the exception of Sergeant Marshall), especially where Bradshaw filed a separate lawsuit regarding the January 2022 Allegations and has a pending motion in that case seeking identical injunctive relief. *Marshal*, 2022 WL 630890, at *2–3 & n.8. We find no abuse of discretion in that determination. *See Curtis*, 226 F.3d at 138 ("The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion.").[2]

We have considered Bradshaw's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] The district court also concluded that Bradshaw failed to demonstrate a likelihood of success regarding his claims arising from the January 2022 Allegations because, "having filed his motion only one week after the alleged wrongdoing that gives rise to his request for injunctive relief, plaintiff unquestionably failed to fully exhaust his administrative remedies, yet he offers no explanation as to why he did not do so." *Marshal*, 2022 WL 630890, at *3. We express no view on the issue here. Defendants are free to raise an exhaustion defense, if they wish, in the separate lawsuit related to the January 2022 Allegations. We similarly do not reach the other grounds articulated by the district court for denial of the preliminary injunction.